David M. Stein (Cal. Bar No. 198256)
*dstein@ggtriallaw.com*
H. Josh Ji (Cal. Bar No. 312874)
*jji@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Phone: 949.383.2800
Fax: 949.383.2801

Attorneys for Declaratory Judgment Plaintiff
TOTAL IMPORT SOLUTIONS, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

TOTAL IMPORT SOLUTIONS, INC., d/b/a Nanoskin Car Care Products, a California company,

Plaintiff,

v.

DEHN'S INNOVATION LLC,

Defendant.

Case No.: 2:17-CV-3917

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THREE U.S. PATENTS**

Filed:

/ / /

/ / /

/ / /

Declaratory Judgment Plaintiff Total Import Solutions, Inc. d/b/a Nanoskin Car Care Products ("Plaintiff" or "TIS") alleges as follows:

## INTRODUCTION

1. This action arises out of Dehn's Innovation LLC's ("Defendant" or "Dehn") efforts to eliminate its competition in the crowded and competitive market of automotive care products. TIS and Dehn are competitors in the automotive care market, specifically with regard to certain cleansing products.

2. On February 7, 2017, through its counsel, Dehn sent a letter to TIS in this District alleging infringement of three U.S. patents assigned to Dehn.

3. TIS's X ONE product is fundamentally different than Dehn's patent claims, so it appears as though Dehn is determined to eliminate TIS as a competitor by improperly removing TIS products from the market through threatened patent infringement and injunctive relief.

4. TIS pointed out differences between the X ONE product and the patent claims. After that, however, on information and belief, Dehn's has continued to tell distributors, including some in this District, that TIS is infringing Dehn's patents and that Dehn intends to pursue legal action.

5. On May 18, 2017, through its counsel, Dehn sent another letter to TIS in this District alleging patent infringement by TIS's X ONE Product. In that letter, Dehn's asked TIS to respond about potential resolution within 10 days, and threatening that if TIS did not respond within 10 days to discuss resolution, counsel would advise Dehn's of its rights to pursue claims against TIS.

6. The removal of TIS's X ONE product would undoubtedly result in a loss of sales and goodwill for TIS. Dehn's conduct, claims of infringement, and threat of imminent legal action gives rise to an actual controversy.

## PARTIES TO THE ACTION

7. Declaratory Judgment Plaintiff Total Import Solutions, Inc., d/b/a Nanoskin Car Care Products ("TIS"), is a California company with its principal

address at 14700 Radburn Ave., Santa Fe Springs, CA 90670.

8. On information and belief, Defendant Dehn's Innovation LLC ("Dehn"), is a Texas limited liability company with its principal place of business at 4421 Black Otter Trail, Dallas, Texas 75287.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. This matter presents an actual controversy between the parties concerning Dehn's rights to enforce, and TIS's liability for the alleged infringement of, U.S. Patent No. 8,480,011; U.S. Patent No. 8,690,077; and U.S. Patent No. 9,475,071. This Court has subject matter jurisdiction over the claims for declaratory judgment pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Dehn because it conducts business, and directed its threats to TIS, in California and in this District.

12. On information and belief, venue is proper under 28 U.S.C. § 1391(b) because Dehn has communicated to distributors, including some in this District, that TIS's X ONE infringes Dehn's patents and that Dehn plans to pursue legal action against TIS.

## FACTUAL BACKGROUND

### The Automotive Care Products Market

13. The market for automotive care products is crowded and competitive.

14. Competitors seek to gain market share through the manufacture, use, and sale of products that provide a cleaner vehicle to the customer.

15. TIS manufactures and sells popular automotive care products, including the "X ONE Professional Cleaning Tool EG-X001" ("X ONE").

16. The X ONE is an innovative pneumatic cleansing tool that blasts low-moisture solution to clean automotive carpet and upholstery interior without over-saturating the surface.

17. Although various automotive cleaning tool designs may appear similar on the outside, they vary widely internally by their function and mechanical design.

**Dehn's Threats of Legal Action**

18. On February 7, 2017, through its counsel, Dehn sent a letter to TIS alleging infringement of three patents assigned to Dehn: U.S. Patent No. 8,480,011 ("the '011 Patent"); U.S. Patent No. 8,690,077 ("the '077 Patent"); the U.S. Patent No. 9,475,071 ("the '071 Patent").

19. Dehn further demanded in its letter that TIS affirmatively account for whether it has "made, used, sold, offered to sell, or imported the X ONE product in the United States, and if so, in what quantities," and to report back in ten days.

**The TIS X ONE Does Not Infringe Dehn's Patent Claims**

20. Contrary to Dehn's allegations, there are numerous differences between the features of the X ONE and the '011, '077, and '071 Patents ("Dehn's claims").

21. For example, Dehn's claims require the conduit to be substantially arched or angled; the conduit in the X ONE is substantially straight. In addition, Dehn's claims require a product that has an outlet of the conduit that is offset a radial distance in a radial direction from the rotor axis, but the direction of the conduit in the X ONE is consistent with the rotor axis. These are just a few of the differences. TIS pointed out these differences to Dehn by response letter.

22. Notwithstanding these differences (on products that are publicly available), Dehn's has been telling distributors in the industry that TIS infringes Dehn's patents and that it plans legal action against TIS. Given Dehn's threats, declaratory judgment of non-infringement is necessary to clear the air regarding Dehn's allegations and to prevent competitive harm in the market to TIS.

**FIRST CAUSE OF ACTION**

(Declaration of Non-Infringement of the '011 patent)

23. TIS re-alleges and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs.

24. TIS's product, the X ONE, does not infringe the U.S. Patent No. 8,480,011.

25. By virtue of the foregoing, there is a justiciable controversy between TIS and Dehn as to TIS's right to make, sell, or use these products. TIS is thus entitled to a declaratory judgment that the X ONE does not infringe U.S. Patent No. 8,480,011.

**SECOND CAUSE OF ACTION**

(Declaration of Non-Infringement of the '077 patent)

26. TIS re-alleges and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs.

27. TIS's product, the X ONE, does not infringe U.S. Patent No. 8,690,077.

28. By virtue of the foregoing, there is a justiciable controversy between TIS and Dehn as to TIS's right to make, sell, or use these products. TIS is thus entitled to a declaratory judgment that the X ONE does not infringe U.S. Patent No. 8,690,077.

**THIRD CAUSE OF ACTION**

(Declaration of Non-Infringement of the '071 patent)

29. TIS re-alleges and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs.

30. TIS's product, the X ONE, does not infringe U.S. Patent No. 9,475,071.

31. By virtue of the foregoing, there is a justiciable controversy between TIS and Dehn as to TIS's right to make, sell, or use these products. TIS is thus entitled to a declaratory judgment that the X ONE product does not infringe U.S. Patent No. 9,475,071.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff TIS prays for judgment as follows:

1. For a declaration that TIS's X ONE product does not infringe U.S. Patent No. 8,480,011; U.S. Patent No. 8,690,077; or U.S. Patent No. 9,475,071.
2. For costs of suit incurred herein;
3. For a finding that this is an exceptional case giving rise to an award of

reasonable attorney fees to TIS; and

4. For other and further relief as the court may deem necessary and proper.

DATED: May 24, 2017

Respectfully submitted,

**GREENBERG GROSS LLP**

By: */s/ David M. Stein*
David M. Stein

Attorneys for Declaratory Judgment Plaintiff
TOTAL IMPORT SOLUTIONS, INC.